# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X
                                :

*In re*                             :

AKORN HOLDING COMPANY, LLC, *et al..*,  :

             Debtors.           :

------------------------------------------------------ X

GEORGE MILLER, Chapter 7 Trustee,  :

            Plaintiff,           :

v.                                  :

AMEREN ILLINOIS,                 :

            Defendant.        :

-------------------------------------------------------X

Chapter 7
Case No. 23-10253 (KBO)
(Jointly Administered)

Adv. Proc. No. 25-50291 (KBO)

**ANSWER**

## <u>ANSWER OF UNION ELECTRIC COMPANY D/B/A AMEREN ILLINOIS</u>

Union Electric Company, d/b/a Ameren Illinois ("<u>Defendant</u>"), by and through its undersigned attorneys, submits this answer (the "<u>Answer</u>") to the Complaint For Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502, dated February 15, 2025 (the "<u>Complaint</u>") of George Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, LLC, *et al.* ("<u>Trustee</u>" or the "<u>Plaintiff</u>")[1] in the bankruptcy case of Akorn Holding Company, LLC ("<u>Debtor</u>") and its affiliated debtors.

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Complaint.

1

## NATURE OF THE CASE

1.      Defendant admits that Plaintiff seeks recovery of alleged transfers between Defendant and Debtor.  Further answering, Defendant states that Plaintiff's allegations in the Complaint speak for themselves and serve as their own best evidence.  Further answering, Defendant denies that Plaintiff is entitled to recover any alleged transfers between Defendant and Debtor, and Defendant denies the remaining allegations in Paragraph 1.

2.      Defendant admits that Plaintiff seeks to disallow certain claims Defendant may have and that Plaintiff seeks to reserve Plaintiff's right to object to claims.  Further answering, Defendant states that Plaintiff's allegations in the Complaint speak for themselves and serve as their own best evidence.  Further answering, Defendant denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 3 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4.      Paragraph 4 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 4 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5.      Defendant admits that Plaintiff consents to entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.  Further answering, Defendant consents to entry of final orders or

2

judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.

6.      Paragraph 6 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 6 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7.      Paragraph 7 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 7 is construed to contain proper allegations of fact, Defendant admits that Defendant conducted business in the United States and provided services to Debtors in the United States.  Defendant denies the remaining allegations in Paragraph 7.

8.      Defendant admits that Plaintiff seeks to rely on sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure in requesting relief in the Complaint.

## THE PARTIES

9.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9.

10.      Paragraph 10 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 10 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11.      Defendant admits that it is a vendor that provided services to one of the Debtors prior to the Petition Date.  Defendant denies the remaining allegations in Paragraph 11.

FIRST PAGE ONLY11929034.1
4897-4028-0150, v. 1

## BACKGROUND

12.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14.

15.     Defendant admits that Defendant provided services to one or more of the Debtors at varying times before the Petition Date, that Defendant and one or more of the Debtors engaged in one or more business transactions which are evidences by on or more contracts, purchase orders, invoices, communications or other documents (the "Agreements") and that the Agreements related to the services provided by Defendant to one or more of the Debtors.  Defendant denies the remaining allegations in Paragraph 15.

16.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16.

17.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17.

18.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18.

19.     Paragraph 19 of the Complaint purports to state legal conclusions as to which no response is required.  To the extent Paragraph 19 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19.

FIRST PAGE ONLY11929034.1
4897-4028-0150, v. 1

20.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

22.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22.

23.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23.

24.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24.

## COUNT I

25.    Defendant incorporates all previous responses above as though fully set forth here.

26.    Defendant denies the allegations in Paragraph 26.

27.    Defendant denies the allegations in Paragraph 27.

28.    Defendant admits that Defendant was a creditor of Akorn Operating Co. as of December 9, 2022, and January 6, 2023, by virtue of supplying gas and electricity to Akorn Operating Co.  Defendant denies the remaining allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant denies the allegations in Paragraph 30.

31.    Paragraph 31 purports to state legal conclusions as to which no response is required. If Paragraph 31 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

FIRST PAGE ONLY11929034.1
4897-4028-0150, v. 1

33.     Paragraph 33 purports to state legal conclusions as to which no response is required. If Paragraph 33 is construed to contain proper allegations of fact, Defendant denies all allegations in Paragraph 33.

34.     Defendant admits that Defendant has not remitted any amount to Plaintiff as of the filing of Plaintiff's Complaint.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34.

35.     Paragraph 35 purports to state legal conclusions as to which no response is required. If Paragraph 35 is construed to contain proper allegations of fact, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35.

## COUNT II

36.     Defendant incorporates all previous responses above as though fully set forth here.

37.     Paragraph 37 and each of its sub-parts purport to state legal conclusions as to which no response is required.  If Paragraph 37 and each of its sub-parts are construed to contain proper allegations of fact, Defendant denies the allegations in Paragraph 37 and each of its sub-parts.

38.     Paragraph 38 of the Complaint purports to state legal conclusions as to which no response is required.  To the extent Paragraph 38 is construed to contain proper allegations of fact, Defendant denies the allegations of Paragraph 38.

## COUNT III

39.     Defendant incorporates all preceding paragraphs as if fully re-stated here.

40.     Paragraph 40 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 40 is construed to contain proper allegations of fact, Defendant denies the allegations of Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

6

42.     Paragraph 42 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 42 is construed to contain proper allegations of fact, Defendant denies the allegations of Paragraph 42.

## COUNT IV

43.     Defendant incorporates all preceding paragraphs as if fully re-stated here.

44.     Paragraph 44 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 44 is construed to contain proper allegations of fact, Defendant denies the allegations of Paragraph 44.

45.     Defendant admits that it has not paid any amount to Plaintiff.  Defendant denies the remaining allegations in Paragraph 45.

46.     Paragraph 46 of the Complaint purports to state legal conclusions as to which no response is required.  If Paragraph 46 is construed to contain proper allegations of fact, Defendant denies the allegations of Paragraph 46.

## GENERAL DENIAL

47.     Except as otherwise expressly admitted above, Defendant denies every allegation contained in paragraphs 1 through 46 of the Complaint, including without limitation, the headings and subheadings contained in the Complaint.  Defendant expressly reserves the right to amend and/or supplement its Answer.

## AFFIRMATIVE DEFENSES

48.     Defendant asserts the following affirmative defenses without waiving any requirement that Plaintiff meet its burden of proof with respect to each and every element of its claims.

FIRST PAGE ONLY11929034.1
4897-4028-0150, v. 1

**First Affirmative Defense**

49.     The Complaint, and each and every claim stated therein, fails to state a claim upon which relief, either legal or equitable, can be granted.

**Second Affirmative Defense**

50.     Plaintiff's claims are barred by the doctrines of estoppel, laches, ratification and acquiescence.

**Third Affirmative Defense**

51.     Plaintiff's claims are barred by waiver.

**Fourth Affirmative Defense**

52.     Any alleged transfer from Debtor to Defendant was in payment of a debt incurred by Debtor in the ordinary course of the business or financial affairs of Debtor and Defendant and was made either (a) in the ordinary course of business or financial affairs of Debtor and Defendant, or (b) according to ordinary business terms.

**Fifth Affirmative Defense**

53.     With respect to any alleged transfer, after the alleged transfer, Defendant gave or allowed new value to or for the benefit of Debtor, which new value was not secured by an otherwise unavoidable security interest and on account of which new value Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

**Sixth Affirmative Defense**

54.     With respect to any alleged transfer, the transfer was intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor and was in fact a substantially contemporaneous exchange.

FIRST PAGE ONLY11929034.1
4897-4028-0150, v. 1

55.    Defendant reserves all of its rights to assert additional affirmative defenses based on further investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor as follows:

(i)    Dismissing the Complaint;

(ii)    Awarding costs, expenses and attorneys' fees to Defendant; and

(iii)    Granting Defendant such other relief as the Court deems just and proper.


Dated: July 15, 2025
      Wilmington, Delaware

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE 3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Phone: (302) 777-1111
Email: rosner@teamrosner.com
Email: liu@teamrosner.com

-and-

*/s/ John J. Hall*
John J. Hall, #41419 (*pro hac vice* forthcoming)
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile:  (314) 612-7635
jhall@lewisrice.com

*Counsel for Union Electric Company, d/b/a Ameren Illinois*

FIRST PAGE ONLY11929034.1
4897-4028-0150, v. 1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was served to those parties in interest via the Court's CM/ECF system and via first-class mail and electronic mail to those parties listed below on this 17th day of July 2025.

Evan T. Miller, Esq.
Turner N. Falk, Esq.
Michelle G. Novick, Esq.
Saul Ewing LLP
1201 N. Market Street, Suite 2300
Wilmington, DE  19801
*Counsel for Plaintiff*

/s/ *Zhao Liu*
Zhao Liu (DE # 6436)

10